The decision of this cause depends on a very important principle, one which has been unfolded and brought to view within the last twenty years, and principally by the new business commenced within that period and now extensively *Page 496 
prosecuted, of transporting persons and property by steam on railways. It is this: that an employer is not liable to one of his agents or servants, for the negligence of another of his agents or servants, engaged in the same general business. Was this principle sought to be applied for the first time in the present action, I should deem it my duty, not only to examine it in all its bearings, test its soundness by all the means at my command, and endeavor to reach a correct conclusion, but also to assign in full my reasons. This duty has, however, been already performed, ably and learnedly, by three eminent judicial tribunals: viz. the court of exchequer in England, the court of appeals of South Carolina, and the supreme court of Massachusetts. (Priestly v. Fowler, 3 Mees. Welsb. 1;Murray v. S. Carolina R.R. Co. 1 McMullan, 385; Farwell
v. B. W.R.R. Co. 4 Met. 49.) They all concur in sanctioning the principle, and I fully acquiesce in their judgment. Mr. Justice BEADSLEY has also expressed his approbation of it, in the case of Brown v. Maxwell, (6 Hill, 594.) The supreme court of Massachusetts has re-affirmed it, in the case of Hayes v.The Western R.R. Corporation, (3 Cushing, 270,) and the English court of exchequer, in the case of Hutchinson v. TheYork R.R. Co. (14 London Jurist.) It must now be considered as settled, and hereafter to form a part of the common law of the country.
Judgment affirmed. *Page 497